RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
SHREVEPORT, LOUISIANA
DATE 9/23/15
                smd

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 15-CR-00202-01 |
| | * | 18 U.S.C. § 1343 |
| | * | |
| VERSUS | * | JUDGE HAIK |
| | * | |
| | * | |
| KHANG NGUYEN LE | * | MAGISTRATE JUDGE HANNA |

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNTS 1-4

Wire Fraud
18 U.S.C. §1343

AT ALL TIMES MATERIAL TO THIS INDICTMENT:

1.   The defendant, KHANG NGUYEN LE, an individual who resided in Lafayette, Louisiana, served as the President and presiding monk of the Vietnamese Buddhist Association of Southwest Louisiana, Inc. (the "Temple"), a Louisiana non-profit corporation, from 2010 through October of 2014.

2. The Temple was a religious organization supporting the Vietnamese Buddhist community in and around Lafayette, Louisiana, and the practice of Buddhism by its members.

3. In order to deposit the monetary donations of its members and in furtherance of its religious mission, the Temple maintained one or more bank accounts in its name at Gulf Coast Bank ("GCB"), Iberia Bank ("Iberia"), and JP Morgan Chase ("Chase") (collectively, the "Temple Accounts"). The defendant, KHANG NGUYEN LE, was an authorized signatory on each of the Temple Accounts.

4. The defendant, KHANG NGUYEN LE, both lived and worked at the Temple. As compensation for his services as the President and presiding monk of the Temple, the Temple paid the defendant a salary of $1,000 per month. In addition, the monk was authorized to use funds in the Temple Accounts for certain reasonable and necessary expenses of himself and other members of the Temple's congregation. It was the custom and practice of the Temple that the presiding monk was expected to discuss, in advance, major expenditures of the Temple's money with the members of the Temple's congregation.

5. The Defendant, KHANG NGUYEN LE, was not authorized by the Temple to use Temple money for gambling purposes and was aware at all relevant times that he was not so authorized.

## THE SCHEME AND ARTIFICE TO DEFRAUD

6.Paragraphs 1-5 of this Indictment are re-alleged and fully incorporated herein by reference.

7.Beginning no later than January 15, 2013, and continuing through on or about August 22, 2014, in the Western District of Louisiana and elsewhere, the defendant, KHANG NGUYEN LE, did knowingly and unlawfully devise and intend to devise a scheme and artifice to defraud, and to obtain money from the Temple by means of false and fraudulent pretenses, representations, and promises. In execution of the scheme and artifice to defraud, the defendant, KHANG NGUYEN LE used interstate wire transmissions for the purpose of executing the scheme and artifice, in violation of 18 U.S.C. § 1343. The scheme and artifice to defraud was as follows:

8.Beginning around January 15, 2013, and continuing through on or about August 22, 2014, the defendant, KHANG NGUYEN LE, wrongfully withdrew, took possession of, and used money owned by the Temple in an unauthorized manner, to wit: for gambling at various casinos in and around Lake Charles, Louisiana and elsewhere.

9.It was part of the scheme and artifice to defraud that the defendant, KHANG NGUYEN LE, would travel to the casinos alone in order to prevent the other members of the Temple from discovering that he was gambling. Once in the chosen casino, he would withdraw money from one or more of the Temple Accounts

using automated teller machines ("ATMs") and debit card transactions at or near such casino. The withdrawn money was intended to be used, and was in fact used by KHANG NGUYEN LE, for the purpose of gambling.

10. It was further part of the scheme and artifice to defraud that the defendant, KHANG NGUYEN LE, for the purpose of disguising the amount of money he had lost while gambling at the casino, would misrepresent to the other members of the Temple the monetary balances in the Temple Accounts at congregational meetings of the Temple.

11. It was further part of the scheme and artifice to defraud that the defendant, KHANG NGUYEN LE, wrongfully withdrew over $200,000 in money belonging to the Temple from the Temple Accounts and used this money for gambling.

12. It was further part of the scheme and artifice to defraud that the defendant, KHANG NGUYEN LE, wrongfully took, misapplied, and stole, for the purpose of gambling cash donations made to the Temple by members of its congregation, rather than deposit such cash contributions into the Temple Accounts or otherwise use such cash for the benefit of the Temple.

13. It was further part of the scheme and artifice to defraud that in executing and attempting to execute this scheme, the defendant, KHANG NGUYEN LE, utilized interstate wire communication facilities to withdraw certain of the monies obtained as a result of his scheme to defraud.

## THE CHARGE

On or about the dates listed below, in the Western District of Louisiana and elsewhere, the defendant, KHANG NGUYEN LE, having devised and intending to devise a scheme and artifice to defraud and to obtain money as described above by means of false and fraudulent pretenses, representations, and promises, and for the purposes of executing and attempting to execute the above described scheme and artifice to defraud, did knowingly cause to be transmitted by means of wire communication in interstate commerce, the following signs, signals and sounds:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 1 | Apr. 15, 2013 | A debit card withdrawal in the amount of $4,280.00 at L'Auberge Casino in Lake Charles, Louisiana from a JP Morgan Chase bank account held by Vietnamese Buddhist Association of Southwest Louisiana, Inc., which transaction caused one or more interstate wire transmissions to and from servers located outside of Louisiana. |
| 2 | June 12, 2013 | A debit card withdrawal in the amount of $4,121.95 at L'Auberge Casino in Lake Charles, Louisiana from a JP Morgan Chase bank account held by Vietnamese Buddhist Association of Southwest Louisiana, Inc., which transaction caused one or more interstate wire transmissions to and from servers located outside of Louisiana. |
| 3 | Nov. 14, 2013 | A debit card withdrawal in the amount of $2,267.95 at L'Auberge Casino in Lake Charles, Louisiana from an Iberia Bank account held by Vietnamese Buddhist Association of Southwest Louisiana, Inc., which transaction caused one or more interstate wire transmissions to and from servers located outside of Louisiana. |

| | | |
|---|---|---|
| 4 | July 24, 2014 | A debit card withdrawal in the amount of $1,031.95 at L'Auberge Casino in Lake Charles, Louisiana from a Gulf Coast Bank account held by Vietnamese Buddhist Association of Southwest Louisiana, Inc., which transaction caused one or more interstate wire transmissions to and from servers located outside of Louisiana. |

all in violation of Title 18, United States Code, Section 1343. [18 U.S.C. §§ 1343].

A TRUE BILL:

***REDACTED***
FOREPERSON: FEDERAL GRAND JURY

STEPHANIE A. FINLEY
United States Attorney

*/s/ David Joseph*
DAVID C. JOSEPH, LA Bar: 28634
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Telephone: (337) 262-6618